UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the UFCW LOCAL 174 COMMERCIAL PENSION FUND, <br><br>           Plaintiffs, <br><br>      v. <br><br>Q-PAK CORPORATION; XYZ CORPORATIONS (1-10); and JOHN AND JANE DOES (1-10), <br><br>           Defendants. | **COMPLAINT** |

Plaintiffs, the Trustees (the "Trustees") of UFCW Local 174 Commercial Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Q-Pak Corporation ("Q-Pak"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), and allege as follows:

**I.    INTRODUCTION**

1.     This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 31, 2013.

2.     Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Q-Pak's allocated share of the Fund's unfunded vested benefits, accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Q-Pak, and upon information and belief, XYZ Corporations (1-10) and John and Jane Does (1-10), reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District, and because Q-Pak, and, upon information and belief, XYZ Corporations (1-10) and John and Jane Does (1-10), reside and do business in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37). The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7. The Trustees are trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Q-Pak is a for-profit domestic corporation having its principal place of business at 2145 McCarter Highway, Newark, New Jersey 07104.

9. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or

businesses under common control with Defendant Q-Pak pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

10. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Defendant Q-Pak at the time of the Fund's mass withdrawal termination pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Q-Pak to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

11. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

12. Q-Pak was party to a collective bargaining agreement (the "CBA") with UFCW Local 174, with respect to which the Fund was a third-party beneficiary. The CBA required Q-Pak to remit contributions to the Fund on behalf of those employees covered by the CBA.

13. As of August 5, 2011, Q-Pak ceased to have an obligation to contribute to the Fund, thereby effectuating a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

14. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated August 19, 2011, a true and correct copy of which is attached as **Exhibit A**, the Fund provided Q-Pak a calculation of its initial withdrawal liability, which was payable in quarterly installments of $5,031.58 commencing on or before October 17, 2011.

15. As of December 31, 2013, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

16. As a result of the Fund's termination, all employers that had withdrawn from the Fund within the three years preceding the termination, such as Q-Pak, would have their initial withdrawal liability recalculated to include both redetermination liability and reallocation liability in accordance with ERISA § 4219(c)(1)(D), 29 U.S.C. § 1399(c)(1)(D) and 29 C.F.R. § 4219.11 to 12.

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated May 29, 2014, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Q-Pak that its redetermination liability was calculated to be $670,309. In the letter, the Fund advised Q-Pak that it should continue to remit quarterly installments of $5,031.58 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

18. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Q-Pak that its reallocation liability was calculated to be $1,165,379, making the total amount of its outstanding withdrawal liability $1,866,563. In the letter, the Fund advised Q-Pak that it should continue to remit quarterly installments of $5,031.58 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

19. To date, Q-Pak has made quarterly payments totaling $74,263.70.

20. After having not received eight (8) quarterly payments that were due between January 2017 and October 2018, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated December 7, 2018, a true and correct copy of which is

attached as **Exhibit D**, the Fund notified Q-Pak that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within sixty (60) days.

21. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated February 22, 2019, a true and correct copy of which is attached as **Exhibit E**, the Fund notified Q-Pak that it remained in default of its withdrawal liability obligations, and that the Fund had elected to accelerate Q-Pak's withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

22. More than sixty (60) days have elapsed since Q-Pak's receipt of the notice of default dated December 7, 2018, and Q-Pak has failed to remit the withdrawal liability assessed by the Fund.

23. More than 180 days have elapsed since the Fund notified Q-Pak of its initial withdrawal liability on August 19, 2011, its redetermination liability on May 29, 2014, and of its reallocation liability on January 29, 2016, and Q-Pak has failed to initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

24. Because Q-Pak has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), its liability is incontestable, and it is liable to pay to the Fund its accelerated withdrawal liability.

25. Plaintiffs, the Trustees of the Fund, demand judgment against Defendant Q-Pak for $2,043,777.38 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an

5

additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

26. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

27. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with Q-Pak within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

28. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with Q-Pak for Q-Pak's outstanding withdrawal liability.

29. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $2,043,777.38 for the outstanding amount of Q-Pak's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

30. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

31. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with Q-Pak within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

32. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with Q-Pak for Q-Pak's outstanding withdrawal liability.

33. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $2,043,777.38 for the outstanding amount of Q-Pak's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated: March 26th, 2019

**PROSKAUER ROSE LLP**

By: __/s/ Neil V. Shah_____
  Neil V. Shah
One Newark Center
1085 Raymond Boulevard
Newark, NJ 07102
(973) 274-3205
nshah@proskauer.com

*Counsel for the Plaintiffs*